## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

_____
                                                            )
**Luwan Garris, *et al*.,**                               )
                                                            )
      **Plaintiffs,**                                )
                                                            )
        **v.**                                       )      **Civil No. 15-cv-01216 (APM)**
                                                            )
**District of Columbia,**                                )
                                                            )
      **Defendant.**                                )
_____)

## MEMORANDUM OPINION

### I.    INTRODUCTION

      Plaintiff Luwan Garris and her minor daughter, Plaintiff D.G., filed this matter challenging an administrative Hearing Officer's determination that Plaintiffs had failed to show that Defendant District of Columbia had violated the Individual with Disabilities Education Act (IDEA). This court referred the case to a magistrate judge for case management and to prepare a Report and Recommendation ("R&R"). *See* Order of Aug. 14, 2015. Magistrate Judge Kay was randomly assigned. Judge Kay issued his R&R on June 1, 2016, ECF No. 17 [hereinafter R&R], and Plaintiffs thereafter filed their objections, ECF No. 18 [hereinafter Pls.' Obj.].

      This court has reviewed *de novo* Judge Kay's R&R, and the objections thereto, as well as the record in this matter, as required under Federal Rule of Civil Procedure 73(b)(3). For the reasons explained below, this court will accept the disposition recommended by the R&R and grant summary judgment in favor of Defendant.

### II.    BACKGROUND

      The court presumes the parties' familiarity with the facts and procedural history of the case and therefore will dispense with repeating them here, except as needed. Plaintiffs asserted before

the Hearing Officer that Defendant had violated the IDEA in three respects. First, Plaintiffs claimed that D.G.'s 2014 Individualized Education Plan ("IEP") was inadequate because it did not provide her with a sufficient number of hours of specialized instruction to address her educational needs. *See* Compl., ECF No. 1; *Id.*, Ex. A, April 28, 2015 Hearing Officer Determination, ECF No. 1-1 [hereinafter Hr'g Decision], at 13-14.   Second, they argued that Defendant failed to offer D.G. an appropriate transition plan—that is, a plan designed to facilitate a child's movement from school to post-school activities—because Defendant did not interview D.G. when developing the plan. *Id.* at 14-15. And, third, Plaintiffs asserted that Defendant had not, as required by IDEA, done enough to address D.G.'s truancy problems. *Id.* 16-18.  Magistrate Judge Kay recommended upholding the Hearing Officer's rejection of each of Plaintiffs' three claims and granting summary judgment in favor of Defendant.  R&R at 17, 21, 25.  Plaintiffs have filed objections regarding each of their claims, to which the court now turns.

## III.   DISCUSSION

### A.   Adequacy of the December 2014 IEP

As to Plaintiffs' first claim—that D.G.'s IEP did not provide her with a sufficient number of hours of specialized instruction—Plaintiffs object that "[t]he Hearing Officer and the [R&R] both failed to account for substantial evidence that D.G.'s IEP was inappropriate and the [R&R] errs in finding that offering additional hours of specialized instruction 'would have made no difference,' because of her truancy."  Pls.' Obj. at 2.  They further argue that "[e]vidence presented at the [administrative] Hearing demonstrated that D.G.'s truancy was substantially related to the Defendant's failure to offer an appropriate program and likely would have improved with additional support."  *Id.*  The court disagrees with Plaintiffs' objections.

At the administrative hearing, Plaintiffs offered the testimony of Rasheed Bonner, a school psychologist and expert in the development of IEPs and behavioral intervention plans, who testified that, in his opinion, and in contrast with her 2014 IEP, D.G. should receive approximately 15 hours per week of specialized instruction outside of the classroom. *See* Administrative Record, Ex. 19, April 23, 2014, Hr'g Tr., ECF No. 16-13 [hereinafter April 23, 2014, Hr'g Tr.], at 80-81. Bonner based his opinion upon his review of various records, including D.G.'s 2014 psychological evaluation. *Id.* at 54. Ultimately, the Hearing Officer declined to follow Bonner's recommendation and instead affirmed the provisions of the school's 2014 IEP, which called for D.G. to receive four hours per week of specialized instruction outside of the general education setting, two hours per week of specialized instruction in reading inside of the general education setting, three hours per week of specialized instruction in mathematics inside of the general education setting, and speech and language therapy for fifteen minutes per month. Hr'g Decision at 7. Plaintiffs criticize the Hearing Officer for not giving Bonner's testimony sufficient weight. *See* Pl.'s Mot. for Summ. J., ECF No. 9, at 12.

A party challenging a hearing officer's ruling must "at least take on the burden of persuading the court that the hearing officer was wrong." *Kerkam v. McKenzie*, 862 F.2d 884, 887 (D.C. Cir. 1989). The court must give "due weight" to the hearing officer's decision and "may not substitute its own notions of sound educational policy for those of the school authorities." *Turner v. District of Columbia*, 952 F. Supp. 2d 31, 35-36 (D.D.C. 2013) (citations and internal quotations omitted). On the other hand, a decision "without . . . reasoned and specific findings deserves little deference." *Kerkam v. Superintendent, D.C. Pub. Schs.*, 931 F.2d 84, 87 (D.C.Cir.1991) (citations and internal quotations omitted).

Here, the court finds that Plaintiffs have not carried their burden. Although the Hearing Officer could have provided a more fulsome explanation for why he ultimately rejected Bonner's recommendation, he certainly acknowledged it when evaluating the appropriateness of the 2014 IEP. *See* Hr'g Decision at 13 (noting that Plaintiffs had argued that "the Student requires at least 15 hours of instruction outside of general education"). The Hearing Officer instead gave weight to other record evidence, which D.G.'s mother had confirmed, demonstrating that D.G. "had made good progress" at another school with fewer than 15 hours of specialized instruction. *Id.* at 13-14. He also relied on teacher reports in the record showing that D.G. had performed well in her general education classes. *Id.* at 14.

Plaintiffs take issue with the Hearing Officer's conclusion and his rationale, arguing that D.G.'s 2014 IEP "was not reasonably calculated to produce meaningful education benefit, because D.G. had not shown progress under a similar IEP at a previous school, it was unsupported by D.G.'s most recent evaluation, and it failed to address the role of insufficient educational support in D.G.'s truancy." Pls.' Obj. at 3. At bottom, however, these objections are about how the Hearing Officer weighed the evidence and not that he failed to consider the evidence in the first place. He clearly did. As noted, the Hearing Officer considered D.G.'s past educational records and performance. *See* Hr'g Decision at 13-14. That Plaintiffs draw a different conclusion from that evidence does not make the Hearing Officer's alternative conclusion improper.

Likewise, the Hearing Officer weighed D.G.'s most recent psychological evaluation and discounted that evidence because "there [was] evidence that the Student is resistant to standardized testing, suggesting the Student's actual academic levels may be higher than reported by psychologists." *Id.* at 14. Plaintiffs dispute that view of the psychological evidence, *see* Pls.' Obj.

at 4, but like Judge Kay, the court finds no error in the Hearing Officer's consideration of that evidence.

Finally, and contrary to Plaintiffs' contention that insufficient educational support was the root cause of D.G.'s truancy, the Hearing Officer plainly was aware of D.G.'s truancy issues and ultimately found, based on all the evidence, that "the Student's difficulties with attendance do not stem from difficulties in class but, at least in part, from a disinterest in education generally." Hr'g Decision at 17. The court discerns no error in the Hearing Officer's view of the evidence.

Plaintiffs are also critical of Judge Kay's observation that "it is the opinion of the undersigned that whether the Student was provided with 4 hours of specialized instruction outside of a general education [setting] or 15 hours, as proposed by Plaintiffs' expert, it would have made no difference in the Student's academic achievement because the Student was not attending school on a regular basis and was therefore unlikely to master the goals set forth in her IEP." R&R at 17. This court need not decide whether it agrees or not with Judge Kay's stated opinion. The main question before this court is whether the Hearing Officer erred in his determination that the 2014 IEP provided sufficient specialized instruction for D.G. For the reasons already explained, this court concludes that the Hearing Officer made no such error and thus denies Plaintiffs' objections.

**B.      Deficiencies in the Transition Plan**

Next, Plaintiffs object to Judge Kay's conclusion that shortcomings in D.G's "transition plan" did not amount to a denial of a free appropriate public education (FAPE). R&R at 17-21. A transition plan is designed to "improv[e] the academic and functional achievement of a child with a disability, to facilitate the child's movement from school to post-school activities." 34 C.F.R. § 300.43(a)(1). Like the Hearing Officer, Judge Kay found that, although D.G.'s transition plan was actually deficient, Plaintiffs had not presented evidence of any harm resulting from that

deficiency and thus had not established that the D.G. had been denied a FAPE. R&R at 21. Plaintiffs object to that conclusion on the ground that they did, in fact, present evidence of harm through their expert, Dr. Sharon Lennon. Pls.' Obj. at 11. Plaintiffs point to the portion of Dr. Lennon's testimony in which she stated that she had crafted a compensatory education proposal that was designed "to remediate the harm that the school has not developed an appropriate IEP based on comprehensive evaluation." *Id.* (quoting Administrative Record, Ex. 19, April 23, 2014, Hr'g Tr., ECF No. 16-14, at 113).

But Dr. Lennon's testimony that she had designed a plan to remediate harm does not adequately identify or explain what harm she was trying to remedy in the first place. Nor do Plaintiffs point to any other part of the record that clearly establishes how D.G. was harmed by deficits in her transition plan. Accordingly, because Plaintiffs have not shown that the Hearing Officer failed to consider any particular evidence of harm, Plaintiffs' objection is denied.

### C.     D.G.'s Truancy

Finally, Plaintiffs object to Judge Kay's determination that D.G. was not denied a FAPE on the basis that her educational plan did not contain sufficient behavioral interventions to adequately address her truancy problems. Pls.' Obj. at 12-16. Plaintiffs concede that D.G. had truancy problems in "2014 . . . and in prior school years." *Id.* at 13. They complain, however, that Judge Kay and the Hearing Officer "understate[ ]" the effect of an assault that D.G. suffered at school in October 2014, after which she stopped attending school. *Id.* According to Plaintiffs, "the Defendant made no attempt to address the specific issues contributing to D.G.'s . . . inability to attend school at all." *Id.* They also complain that the Hearing Officer ignored the testimony of their expert, who opined that D.G.'s attendance plan was lacking. *Id.* at 14.

A close review of the Hearing Officer's decision, however, reveals no error. The Hearing Officer noted that, in September 2014, Defendant prepared a Functional Behavior Assessment of D.G., and then, in November 2014, devised a Behavioral Intervention Plan (BIP) for her, which recommended a host of interventions designed to improve D.G.'s attendance. Hr'g Decision at 17-18. The Hearing Officer agreed with Plaintiffs that the BIP contained "no clear plan . . . to address the October, 2014 incident" and observed that "[t]his failure . . . does make this [Hearing Officer] pause." *Id.* at 18. Nevertheless, the Hearing Officer found that Plaintiffs' challenge to the BIP "was largely premised on the testimony of her expert witness, . . . [who] stated that he did not have any issues with this BIP, including in regard to attendance." *Id.* The Hearing Officer thus concluded that, "[g]iven this testimony by Petitioner's expert witness, given the Student's questionable interest in school generally, and given the quality of the [Functional Behavioral Assessment], I must find that Petitioner failed to meet her burden on this issue." *Id.*

The court finds no error in the Hearing Officer's conclusion. Consistent with the Hearing Officer's findings, Plaintiffs' expert, Rasheed Bonner, testified on cross-examination that he "didn't have any significant concerns" "as far as the content of the BIP." April 23, 2014, Hr'g Tr. at 89-90. He also agreed that his main concern was that the BIP "needed to be followed through with fidelity." *Id.* at 89. And, although the BIP did not directly address the October 2014 assault—which admittedly gave the Hearing Officer "pause"—the Hearing Officer ultimately concluded that, based on the record in its entirety, Plaintiffs had failed to carry their burden. Giving "due weight" to the Hearing Officer's conclusion, as this court must, the court agrees with Judge Kay that the Hearing Officer's determination "was supported by the record evidence and cogently explained." R&R at 25. The court therefore denies Plaintiffs' objection.

## IV.    CONCLUSION

For the foregoing reasons, the court denies Plaintiffs' objections to Judge Kay's Report and Recommendation and accepts Judge Kay's recommendations to (1) affirm the Hearing Officer's decision in full, (2) grant Defendant's Cross-Motion for Summary Judgment, and (3) deny Plaintiffs' Motion for Summary Judgment.  A separate order accompanies this Memorandum Opinion.

Dated: September 28, 2016

Amit P. Mehta
United States District Judge